WATAMOND REALTY CORPORATION, Respondent, v. MAMIE SCHWARTZ and Others, Defendants, and G. GOLDBERG & SONS, INC., Appellant.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the extent that the default is opened and the judgment in favor of plaintiff against the defendant, appellant, vacated, to permit the appellant to litigate with the plaintiff the priority of its conditional sale contract over the plaintiff's mortgage. The foreclosure sale shall remain undisturbed, and the controversy shall involve only such sums as the plaintiff has received as a result of such sale. The matter is remitted to Special Term for trial, where the parties may proceed as advised under the limitations here imposed. This disposition is made of the appeal for the reason that it is doubtful if this defendant, who had answered, was served with a notice of trial; and that in the exercise of discretion a trial on the merits should be permitted. (*Allen* v. *Fink*, 211 App. Div. 411, 415.) The other defendants, who have established the validity and superiority of their mechanics' liens, should not be required again to litigate their claims. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

WATAMOND REALTY CORPORATION, Plaintiff, v. MAMIE SCHWARTZ and Others, Defendants; JOHN R. BLAIR COMPANY, INC., Appellant; GAYNOR & ROSENBLUM, INC., Respondent.— Order reversed on the law and the facts, without costs, and motion granted to the extent that appellant's default in answering and in appearing on the trial is opened and the judgment in favor of plaintiff against this appellant, defendant, is vacated; with leave to appellant to serve an answer within ten days after the entry of the order herein, and to litigate with the plaintiff the question of the priority of its mechanic's lien over that of the plaintiff's mortgage. The foreclosure sale shall remain undisturbed, and the controversy shall involve only such sums as the plaintiff received as a result of such sale. The matter is remitted to Special Term for trial for the parties to proceed as they are advised under the limitations here imposed. This disposition is made on the ground that the facts were misrepresented to appellant's attorney, thereby preventing the interposition of an answer; that it is doubtful that a notice of trial was served on the attorney for this defendant, who had made a general appearance; and that it has an apparently meritorious claim with a right to have the subject of its priority determined. (See *Watamond Realty Corporation* v. *Schwartz*, *ante*, p. 700, decided herewith.) Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

ALICE A. ZIMTBAUM, Appellant, v. MARK ZIMTBAUM, Respondent.— Order denying motion for trial of the second cause of action by a referee and for summary judgment or partial summary judgment as to the first cause of action affirmed, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ., concur.

VICTOR (VINCENT) ZMYRKO, Appellant, v. JACOB (JOSEPH) STRAUB, Respondent; THOMAS EDWARD GAFFNEY, as Receiver, Appellant.— Order confirming the referee's report unanimously affirmed. Order, as resettled, denying motion to vacate the sale of the partnership assets and for a resale unanimously affirmed. The affirmances are with a single bill of costs against the appellants individually. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.